**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Jillian Weimer, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.    1:20-cv-204 |
| Hunter Warfield, Inc., a Maryland corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Jillian Weimer, individually, and on behalf of all others similarly situated,

brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u>

("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA,

and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Jillian Weimer ("Weimer"), is a citizen of the State of Indiana,

residing in the Southern District of Indiana, from whom Defendant attempted to collect a

defaulted consumer debt, which was allegedly owed to an apartment landlord.

4.      Defendant, Hunter Warfield, Inc. ("Hunter"), is a Maryland corporation that

acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Hunter operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Hunter was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant Hunter is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Hunter conducts business in Indiana.

6.      Defendant Hunter is licensed as a debt collection agency in the State of Indiana, see, record NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.      Ms. Weimer fell behind on paying her bills, including a debt she allegedly owed to her former apartment landlord, TGM Avalon Lake. Sometime after this debt went into default, it was placed with Defendant for collection, which began trying to collect upon it by sending Ms. Weimer a form collection letter, dated September 2, 2019.  This letter stated:

* * *

> The total balance due through the date of this letter is $5,758.64. Because of interest at the rate of 8.00%, late fees, or other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.  Please contact our office for your payoff.

* * *

2

A copy of this collection letter is attached as Exhibit C.

        8.      The above language is a variant of a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F.3d 872, 876 (7th Cir. 2000), for mortgage debts where interest, late charges and other charges are continuing to accrue on an account. To include it in collection letters involving other debts, where such charges are not accruing, violates the FDCPA. Boucher v. Finance System of Green Bay, 880 F.3d 362, 367-368 (7th Cir. 2018).

        9.      In fact, no late fees or other charges were accruing on this debt.

        10.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012), and Boucher, 880 F.3d at 368. Here, Defendant's actions would cause a consumer to be confused as to whether she was subject to additional late fees or other charges, when she was not, in fact, subject to them. This would directly impact her decision on whether to pay off the debt, dispute the debt, or make some other arrangement regarding the debt, and would certainly be a factor in such a decision. Moreover, Defendant's collection actions confused, alarmed and upset Ms. Weimer as to whether the debt at issue could increase.

        11.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

        12.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

13.    Plaintiff adopts and realleges ¶¶ 1-12.

14.    Section 1692e of the FDCPA prohibits a debt collector from using any

false, deceptive or misleading representation or means in connection with the collection

of any debt, including falsely representing the character, amount or legal status of any

debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that

cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

15.    By sending the collection letter threatening to impose "late fees, or other

charges" when none would, or could, be imposed, Defendant used false, deceptive or

misleading representations or means to collect a debt, in violation of § 1692e of the

FDCPA, see, Boucher, 880 F.3d at 367-368.

16.    Defendant's violation of § 1692e of the FDCPA renders it liable for

statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

17.    Plaintiff adopts and realleges ¶¶ 1-12.

18.    Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. §

1692f.

19.    Defendant, by threatening to impose additional "late fees, or other

charges", when none would, or could, be imposed, used an unfair or unconscionable

means to collect a debt, in violation of § 1692f of the FDCPA.

4

20.    Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21.    Plaintiff, Jillian Weimer, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt, allegedly owed to an apartment landlord, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

22.    Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Weimer, in its attempts to collect defaulted consumer debts from other consumers.

23.    The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Plaintiff Weimer.

24.    Plaintiff Weimer's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25.    The prosecution of separate actions by individual members of the Class

would create a risk of inconsistent or varying adjudications with respect to the individual

members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests

of other members of the Class not party to the adjudication, or substantially impair or

impede their ability to protect their interests. Defendant has acted in a manner

applicable to the Class as a whole such that declaratory relief is warranted.

26.    Plaintiff Weimer will fairly and adequately protect and represent the

interests of the Class. The management of the class action proposed is not

extraordinarily difficult, and the factual and legal issues raised by this class action

complaint will not require extended contact with the members of the Class, because

Defendant's conduct was perpetrated on all members of the Class and will be

established by common proof. Moreover, Plaintiff Weimer has retained counsel

experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Jillian Weimer, individually and on behalf of all others similarly situated,

prays that this Court:

1.    Certify this action as a class action;

2.    Appoint Plaintiff Weimer as Class Representative of the Class, and her

attorneys as Class Counsel;

3.    Find that Defendant's form collection letter violates the FDCPA;

4.    Enter judgment in favor of Plaintiff Weimer and the Class, and against

Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Jillian Weimer, individually and on behalf of all others similarly situated,

demands trial by jury.

Jillian Weimer, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  January 17, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
john@johnsteinkampandassociates.com